UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE KELLY CLARKE,

Petitioner,

v.

MIKE JOHNSON, et al.,

Respondents.

No. 2:26-cv-0334 DAD CKD P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS ACTION WITHOUT PREJUDICE

(Doc. No. 8)

Petitioner Lee Kelly Clarke is a Shasta County Jail inmate proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed February 6, 2026. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On March 20, 2026, the assigned magistrate judge issued an order dismissing that petition because it was incomprehensible and failed to state any cognizable claim for habeas relief. (Doc. No. 7.) Petitioner was granted leave to file an amended petition within thirty (30) days of the date of that order curing the deficiencies in his allegations and was warned that his failure to do so may result in the dismissal of this habeas action. *(Id.* at 2.) Although served with that order, petitioner did not file an amended petition within the time provided. Accordingly, on May 1, 2026, the magistrate judge issued the pending findings and recommendations recommending that

this habeas action be dismissed without prejudice due to petitioner's failure to prosecute, and failure to comply with the court's orders. (Doc. No. 14.)

The findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) No objections to the findings and recommendations were filed by petitioner and the time in which to do so has passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In addition, the court declines to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability should issue if the prisoner can show: (1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court concludes that reasonable jurists would not find the court's dismissal of the petition without prejudice to be debatable, wrong, or deserving of encouragement to proceed further.

Accordingly:

1. The findings and recommendations issued May 1, 2026 (Doc. No. 8), are adopted in full;

/////

---

[1] On July 2, 2026, petitioner did file a document with the court of ten pages in length with forty-six pages of attachments. (Doc. No. 9.) However, that document does not appear to be objections to the pending findings and recommendations and is, like petitioner's previous filings, incomprehensible. In any event, that filing provides no basis upon which to reject the pending findings and recommendations.

2. This action is dismissed without prejudice due to petitioner's failure to prosecute and failure to comply with court orders;

3. The Court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 1, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE